# United States Court of Appeals
## for the Fifth Circuit

———

No. 21-50306
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2021

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rey David Alberto-Hernandez,

*Defendant—Appellant*,

consolidated with

———

No. 21-50307

———

United States of America,

*Plaintiff—Appellee*,

*versus*

Rey David Hernandez-Alberto,

*Defendant—Appellant*.

No. 21-50306
c/w 21-No. 21-50307

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-523-1
USDC No. 4:20-CR-540-1

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

The appellant challenges the sentence imposed following his guilty plea conviction for illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a), (b)(1). He was sentenced to 16 months of imprisonment, which was within the advisory guidelines range, and to three years of supervised release.

His sole argument on appeal is that, under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent decisions, the recidivism enhancement of § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review should the Supreme Court overturn that decision. He also appeals the concomitant revocation of his supervised release related to a prior illegal reentry conviction, which was consolidated with this case for appeal, but he has not briefed any challenge to the revocation or the revocation sentence. Thus, he has waived any challenge to the revocation and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50306
c/w No. 21-50307

revocation sentence for appeal. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); FED. R. APP. P. 28(a)(8)(A).

The Government has filed an unopposed motion for summary affirmance agreeing that the sole issue raised on appeal is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

Because the appellant's sentencing claim is foreclosed by *Almendarez-Torres,* summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the judgments of the district court are AFFIRMED.